UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

FILED
2004 SEP -7 P 3:15

U.S. DISTRICT COURT
DISTRICT OF MASS

JOHN OGBODO EZE         )
       PETITIONER,      )      FILE NO:_____
                        )
                        )      A# A90-648-128
VS.                     )
                        )
                        )      DETAINED
                        )
JOHN ASHCROFT,          )
    ATTORNEY GENERAL    )
    RESPONDENT          )

### PETITIONER'S MOTION FOR EMERGENCY STAY OF REMOVAL

   Petitioner, Mr. Eze, hereby moves this court for an order staying his removal from the UNITED STATES until after the court has issued a final decision on his petition for habeas corpus which he now files with this court, Mr. Eze states pro se as follows:

1. Mr. Eze's administrative appeal was dismissed on July 20, 2004 by the Board of Immigration Appeals "BIA". This decision was recieved by Eze on about July 23, 2004. The Board affirmed the "IJ" decision which ordered Mr. Eze deported because his resident status terminated by the service and Mr. Eze failed to appeal.

2. Mr. Eze has on this date filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241 to challenge the constitutionality of the termination of his resident status by the service as well as to address procedural and statutory violations by the service in terminating his status and due process violations during his administrative proceedings before the immigration court and the BIA.

   However, filing the petition for review and service upon the government does not act automatically to stay Mr. Eze's removal from the UNITED STATES during the pendancy of the petition for review unless the court orders otherwise. 8 U.S.C. § 1101(c)(4)(f); 8 U.S.C. § 1252(b)(3)(B); INA § 242(b)(3)(B).

3. On August 16, 2004. Mr. Eze filed a petition for review on his administrative decision and deportation order which was affirmed by the "BIA" on July 20, 2004. The records will also reflect that Mr. Eze applied for stay of removal with the first circuit which request has yet to be ruled on.

7. Furthermore, Mr. had checked item 40 on the application form, as even the DHS had ackowledged, admitting to having been "arrested confined in institution or convicted" and the burden was on the Service to thoroughly investigate Mr. Eze record before issuing him a resident status, Moreover, the Service arguement of misresentation has no merits since nothing on the criminal record before the RSC(Regional Service Centre, Vermont) would have barred him from legalization. There is simply no merits to the service claim of misrepresentation since even a misrepresentation that is deemed wilful but not material would not have barred Mr. Eze from obtaining his temporary residency under the Amnesty.

8. Petitioner has a substantial liberty interest at stake. And his right to remain in the UNITED STATES after 27 years is now treatened. A denial of a stay of removal would allow the bureau of Immigration and Custom Enforcement (BICE) to act to remove him and thereby render his petition for review moot.

## CONCLUSION

Additional grounds for a stay of removal are set out in Petitioner's memorandum of law attached to his Petition.

For The foregoing reasons, petitioner prays this HON.court grant him an "Emergency Stay Of Removal".

Respectfully Submitted,

_____
John Ogbodo Eze,
Pro se