UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN OGBODO EZE, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 04cv11949-NG |
| ) | |
| JOHN ASHCROFT ) | |
| ) | |
| ) | |
| Respondent[1] ) | |

RETURN AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS AND STAY OPPOSITION

NOTICE OF INTENT TO EXECUTE REMOVAL ORDER

Petitioner is in custody awaiting the execution of his removal order by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), now scheduled for September 22, 2004. Respondent therefore gives notice of its intent to execute the removal order against petitioner by removing him to Nigeria on **September 22, 2004**.

THE COURT'S LACK OF JURISDICTION

The Court should dismiss the petition for lack of subject matter jurisdiction, because petitioner has properly filed a petition for review of his removal order now pending at the First Circuit Court of Appeals. Eze v. Ashcroft, No. 04-2091

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

(1st Cir. filed Aug. 16, 2004); see Attachment A, PACER Docket Sheet.

The statutorily prescribed avenue for judicial review of a removal order is by petition for review of that order to the circuit court of appeals within 30 days of the date of the final administrative order. 8 U.S.C. §§ 1252(b)(1) and (2). Petitioner's final administrative order of removal was issued July 20, 2004,[2] and petitioner has timely petitioned for judicial review of that removal order to the First Circuit Court of Appeals by petition for review filed August 16, 2004. Eze v. Ashcroft, No. 04-2091 (1st Cir. filed Aug. 16, 2004); see Attachment A, PACER Docket Sheet. Petitioner filed a stay request in that case with the First Circuit on August 19, 2004, which is now pending at the circuit court.

Because petitioner's removal order was not sustained upon any criminal basis,[3] there is no statutory bar to the circuit court's determination of the petition. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) "Congress has explicitly provided that noncriminal aliens must seek review of deportation orders in the court of appeals for the judicial circuit in which the

---

[2] See Decision of the Board of Immigration Appeals dated July 20, 2004, as attached to Petitioner's Memorandum of Law in Support of Stay of Removal.
[3] See Decision of the Board of Immigration Appeals dated July 20, 2004, as attached to Petitioner's Memorandum of Law in Support of Stay of Removal, p.2 ("[Immigration] Judge Straus . . . did not sustain the [criminally based] charge under section 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)] of the [Immigration and Nationality] Act.").

2

Immigration Court conducted the underlying proceedings. 8 U.S.C. § 1252(b)(2)."

Where there is a statutorily prescribed avenue for judicial review of a removal order that petitioner has engaged, this Court lacks subject matter jurisdiction to entertain the instant habeas corpus petition. See Taniguchi v. Schultz, et al., 303 F.3d 950 (9th Cir. 2002) (habeas corpus jurisdiction under section 2241 is unavailable in immigration case where there is another specific judicial review mechanism provided by statute); Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is

by no means a clear call whether the district court possesses jurisdiction here.").

As petitioner frankly concedes, he has "applied for a stay of removal with the [F]irst [C]ircuit which request has yet to be ruled on."  Petitioner's Motion for Emergency Stay of Removal, p.1.  Moreover, judicial review of petitioner's non-criminally based removal order is available "only" as prescribed by petition for judicial review in the First Circuit Court of Appeals.  8 U.S.C. § 1252(a)(1).  It follows that only the court of appeals, which has exclusive jurisdiction over the merits of the pending judicial review petition, may entertain the requested stay of removal in petitioner's case.  See Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of  injunctive relief"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Accordingly, because judicial review of petitioner's removal order is proper only as statutorily prescribed in the

pending petition for review at the First Circuit in <u>Eze v. Ashcroft</u>, No. 04-2091 (1st Cir. filed Aug. 16, 2004), and because petitioner has already filed a stay request with that court, this Court lacks jurisdiction over both the merits of petitioner's claims and any stay request. Therefore this case should be dismissed and the stay request and all other relief should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  <u>s/Frank Crowley</u>
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on September 8, 2004.

     <u>s/Frank Crowley</u>
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114