```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JOHN OBGODO EZE,              )
          Petitioner,         )
                              )
     v.                       )  C.A. No. 04-11949-NG
                              )
JOHN ASHCROFT,                )
Attorney General,             )
          Respondent.         )
```

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed without prejudice.

## BACKGROUND

On September 7, 2004, John Ogbodo Eze, an immigration detainee currently confined at the Bristol County Jail and House of Correction in North Dartmouth, commenced this action by filing an application to waive the filing fee, a motion for an emergency stay of removal, and a memorandum of law in support of that motion.

Eze alleges that he was ordered removed by an immigration judge in a decision dated November 13, 2003[1] on the grounds that his temporary resident status had been revoked and he was thus "out of status." Memorandum p. 3 and Ex. at p. 1. He further claims that his requests for suspension of removal and for voluntary departure were denied, and that the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's

---

[1] The BIA Order attached to Eze's memorandum of law states that the Immigration Judge's decision actually was rendered on July 18, 2003, and that the November date listed on the decision was in error.

decision on July 20, 2004.  Id.[2]

He contends that the (1) denial of his request for relief from removal and (2) the finding that his temporary resident status was properly terminated were contrary to applicable statutes and regulations and that (3) the Board of Immigration Appeals ("BIA") decision affirming his removal was based on a "lack of evidence" violating his due process rights. Memorandum, p. 2.[3]  Eze has also filed a petition for direct review of the BIA's decision with the First Circuit and has filed a motion for a stay of removal in that action as well. Eze v. Ashcroft, No. 04-2091 (8/19/04 and 8/23/04 entries); Motion ¶ 3.

## ANALYSIS

Dismissal of this action without prejudice is warranted because Eze currently has a pending petition for direct review

---

[2] According to the BIA opinion, Eze was subject to two previous proceedings that were terminated by the presiding immigration judges.  The first deportation proceeding was terminated in July 1991 because the former Immigration and Naturalization Service had failed to properly terminate Eze's temporary resident status before commencing the deportation proceedings. Memorandum, Ex. p. 1.  Eze's temporary resident status was terminated on May 20, 1991, and a second deportation proceeding was terminated on January 8, 1993 for reasons not stated in the opinion.

[3] Eze previously filed a habeas petition in this Court in 2003, which I dismissed without prejudice because administrative proceedings were then still pending.  See Eze v. Perroncello, C.A. No. 03-11243-NG (10/30/03 Electronic Order).  Eze has a pending appeal in the First Circuit of that dismissal, Eze v. Hodgson, No. 03-2716, and the Department of Homeland Security has filed in that appeal a notice of their intent to remove Eze on September 22, 2004.  Eze v. Hodgson, No. 03-2716 (8/19/04 entry); Memorandum p. 2.

of the BIA's order with the First Circuit.

Section 1252(d)[4] contains an exhaustion requirement that is jurisdictional and applies to habeas corpus petitions. <u>Sayyah v. Farquharson</u>, __ F.3d ___, 2004 WL 1921824, at *3 (1st Cir. Aug. 30, 2004) (citing decisions of six other circuit courts of appeals).  An alien must exhaust all remedies available to him "as of right" before seeking habeas corpus review, and exhaustion includes the filing a petition for review of a BIA decision in the circuit court of appeals when that avenue of relief is available, as here.[5]  <u>See</u> <u>Arloo v. Ashcroft</u>, 238 F. Supp. 2d 381, 382-383 (D. Mass. 2003) (dismissing where petitioner failed to file petition with circuit court of appeals); <u>Do Canto v. Ashcroft</u>, No. Civ. A. 03-10547-DPW, 2003 WL 21078115, at *1 (D. Mass. May 6, 2003)

---

[4]Section 1252(d) states:

Review of final orders.  A court may review a final order of removal only if
(1) the alien has exhausted all administrative remedies available to the alien as of right, and
(2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1252(d).

[5]Aliens convicted of certain offenses may not seek judicial review of final orders of removal. <u>Compare</u> 8 U.S.C. § 1252(a)(2)(C) (orders against criminal aliens) <u>with</u> 8 U.S.C. § 1252(b)(1)-(9) (requirements for review of orders of removal).  Here, Eze's removal order is based on being "out of status," and is not based on any criminal convictions. Memorandum, Ex. p. 1.

(same; stating that where there exists a specific statutory review process for an alien's claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative means of review or vary that which Congress has provided); cf. Sayyah, 2004 WL 1921824, at *4 (reference to "another court" in § 1252(d)(2) suggests that Congress envisaged the term "review" to encompass habeas corpus review, which commonly follows upon other judicial proceedings).  Thus, because Eze has a pending petition for review in the First Circuit, I will dismiss this action without prejudice.  Arloo, 238 F. Supp. 2d at 382-383; Do Canto, 2003 WL 21078115, at *1.

## CONCLUSION

ACCORDINGLY, (1) the motion for an emergency stay of removal is denied; and (2) this action is dismissed without prejudice for the reasons stated above.
SO ORDERED.


9/14/04                           s/ Nancy Gertner
DATE                              NANCY GERTNER
                                  UNITED STATES DISTRICT JUDGE